IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| 3D DESIGNS, INC., | |
|---|---|
| Plaintiff, | 4:20-CV-3063 |
| vs. | ORDER |
| RYAN MITCHELL, et al., | |
| Defendants. | |

This matter is before the Court on correspondence from defendant Ryan Mitchell that the Court has construed, at least in part, as a motion to set aside entry of default (filing 41). That motion will be denied.

The plaintiff filed its complaint on June 8, 2020, alleging various claims for relief arising out of the breach of a contract between the plaintiff and two LLCs for which Mitchell was allegedly the sole member. *See* filing 1. But service of process on Mitchell was delayed due to the COVID-19 pandemic. *See* filing 12. Service was finally effected on September 14, 2020, and Mitchell filed an answer on October 13. Filing 18; filing 21. That answer included a postal address, email address, and telephone number. Filing 18 at 1. The magistrate judge entered a scheduling order on January 11, 2021, and mailed a copy to Mitchell. Filing 28. The magistrate judge also set a telephonic planning conference for March 4, and both mailed and emailed a copy of that order to Mitchell. Filing 32.

Mitchell did not appear for the conference or later explain his failure to appear, so on March 8 the magistrate judge ordered him to show cause on or before April 2 why he should not be held in default. Filing 34. He did not respond, nor did the plaintiff take any action, so on June 28 the magistrate

judge gave the parties until July 12 to show cause why the case should not be dismissed for want of prosecution. Filing 37. The plaintiff responded with a motion for clerk's entry of default. Filing 39. In support, the plaintiff's counsel averred that he had been unable to contact Mitchell by email or telephone despite repeated attempts. Filing 39 at 4.

The Clerk of the Court entered Mitchell's default. Filing 40. After that happened, the Court received a response from Mitchell to the magistrate judge's June 28 show cause order. *See* filing 41 at 1. In it, Mitchell repeats what he had previously said in his answer: that he shouldn't be liable because he wasn't personally a party to the contract.[1] Filing 41. Mitchell also provided the Court with a copy of a somewhat confusing email exchange apparently meant to suggest that at some point in March Mitchell had belatedly and ineffectively tried to reply to the magistrate judge's March 8 order. *See* filing 41-1.

Nonetheless, default has already been entered. Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi,* 524 F.3d 907, 912 (8th Cir. 2008).

But nothing here really explains why Mitchell is, only now, responding to the Court—and even now, not explaining his general failure to defend this

---

[1] The Court has noted Mitchell's assertion of a Canadian bankruptcy proceeding. Filing 41 at 1-2. To the extent that U.S. litigation can be stayed as the result of a Canadian bankruptcy proceeding, there is no basis for a stay here, in the absence of any of the procedural formalities necessary to recognize the foreign proceeding. *See Econ. Premier Assurance Co. v. CPI Plastics Grp., Ltd.*, No. 09-CV-2008, 2010 WL 11561369, at *2-4 (W.D. Ark. June 7, 2010).

2

action. To begin with, "*pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Mitchell can suggest that he hasn't received notice of everything, but he has certainly known that this action was pending for several months, and has no excuse for his failure to take an interest in this litigation. *See, e.g., id.* at 855-57; *see also, e.g., Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997); *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997); *Jefferson v. Hicks*, 364 F. App'x 281, 283-84 (8th Cir. 2010). Nor is the Court persuaded by his evidence that the COVID-19 pandemic prevents him from crossing the Canadian border: his physical presence is not required, at least at this point, to defend this action, and nothing indicates that's beyond his ability. *See Hicks*, 364 F. App'x at 283. He has, instead, "watched the litigation from afar" for several months without "defending the action in a legally cognizable manner." *See Hall*, 121 F.3d at 435.

Nor is the Court convinced that Mitchell has a legally cognizable defense. True, he has suggested that he wasn't a party to the contract that was breached—but while that *might* be a defense to the breach of contract claims, it's not a defense to unjust enrichment, promissory estoppel, fraudulent misrepresentation and concealment, or tortious interference claims,[2] none of which require Mitchell to be party to the contract and all of which are alleged. *See* filing 1. Mitchell has not alleged a meritorious defense to those claims.

---

[2] The Court has some question about whether Mitchell could have tortiously interfered with a contract to which his company was a party. *See Bussing v. COR Clearing, LLC*, 20 F. Supp. 3d 719, 737-39 (D. Neb. 2014). But whether the plaintiff states a claim in that regard will only be taken up if and when the plaintiff moves for default judgment. *See Marshall v. Baggett*, 616 F.3d 849, 852-83 (8th Cir. 2010).

3

Finally, the Court notes that the plaintiff obtained default judgments against the other defendants several months ago. What stands between the plaintiff and a final judgment is Mitchell's dilatory conduct. Setting aside the default would simply move the plaintiff back a step from that final judgment, prejudicing it without any indication that Mitchell intends in good faith to participate in this litigation. Accordingly,

IT IS ORDERED that Mitchell's motion to set aside entry of default (filing 41) is denied.

Dated this 16th day of July, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge