IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 3D DESIGNS, INC., | |
| Plaintiff, | **4:20CV3063** |
| vs. | |
| RYAN MITCHELL, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's Praecipe for Writ of Execution. Filing No. 66. Plaintiff seeks an order transferring ownership of Defendant Dempsters, LLC's trademark from Defendant to Plaintiff. For the reasons set forth herein, Filing No. 66 is denied without prejudice.

The Court entered a money judgment against Dempsters LLC. Filing No. 27. "A money judgment is enforced by a writ of execution . . . ." Fed. R. Civ. Proc. 69. Nebraska law generally governs the procedure on execution. *See id.* Under Nebraska law, "execution is an administrative process; a clerk of the court issues the writ." *Fox v. Whitbeck*, 286 Neb. 134, 139, 835 N.W.2d 638, 642 (2013) (citing Neb. Rev. Stat. § 25-1501)). "The writ typically instructs the sheriff or United States Marshal to seize and sell property, the value of which is applied to the total amount owed." *Childress Duffy, Ltd. v. Valley Boys, Inc.*, No. 8:14CV159, 2018 WL 10159759, at *1 (D. Neb. May 9, 2018) (citing Neb. Rev. Stat. § 25-1516); *see also* Neb. Rev. Stat. § 25-1518.

Here, Plaintiff entitled their filing a "Praecipe for Writ of Execution." However, Plaintiff is not asking the Clerk to issue a writ instructing an officer to levy upon

1

Defendant's trademark. Plaintiff is moving the <u>Court</u> for an order transferring ownership of the trademark from Defendant to Plaintiff. In other words, Plaintiff is seeking equitable relief.

Nebraska law also allows judgment creditors to call upon the equitable powers of the court to enforce a judgment. Neb. Rev. Stat. § 25-1564. "Nebraska recognizes two types of creditor's bills: the first is used to reach equitable assets or property of a debtor on which execution at law cannot be levied; and the second is used in aid of an execution at law, as to set aside an encumbrance or a transfer of property made to defraud creditors." *Comcast of IL X v. Multi-Vision Elecs., Inc.*, 504 F. Supp. 2d 740, 747 (D. Neb. 2007) (deeming judgment creditor the beneficial owner of debtor's shares of stock). "There are three requirements for an equitable-assets creditor's bill: (1) the creditor must have a judgment against the debtor; (2) 'the creditor must "allege and show that he has exhausted his remedy at law," i.e., the creditor must show that execution has not satisfied the judgment;' and (3) the debtor must have some interest in property that the creditor is unable to reach through execution." *Id.* (quoting *First Nat'l Bank v. Daggett*, 242 Neb. 734, 738, 497 N.W.2d 358, 362 (1993)).

Plaintiff did not allege or show it exhausted its remedy at law or that Defendant has some interest in property Plaintiff is unable to reach through execution. Accordingly, Plaintiff's motion for an order transferring ownership of the trademark from Defendant to Plaintiff, Filing No. 66, is denied without prejudice.

Plaintiff may re-file a Praecipe for Writ of Execution for levy upon Defendant's trademark. Plaintiff should include a proposed Writ of Execution (prepared for the Clerk's signature) as well as a Notice of Exemptions form. *See* Neb. Rev. Stat. § 25-1516. Alternatively, Plaintiff may file and serve a motion appropriately supported by briefing and evidence pursuant to the local rules moving the Court in equity to transfer ownership of the trademark from Defendant to Plaintiff.

IT IS SO ORDERED.

2

Dated this 4th day of August, 2025.

BY THE COURT:

_s/ Jacqueline M. DeLuca_

United States Magistrate Judge